RICHARD A. VAZQUEZ (9128)
**SPENCER FANE LLP**
10 Exchange Place, Suite 1100
Salt Lake City, Utah 84111-2824
Telephone: (801) 521-9000
rvazquez@spencerfane.com

*Attorneys for Plaintiff AIX Specialty Insurance Company*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AIX SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROBISON CONSTRUCTION, INC., a Utah corporation; LANDON ROBISON, an individual domiciled in Utah; BENJAMIN HANSEN, an individual domiciled in Utah; XCL RESOURCES, LLC, a limited liability company whose members and managers are individuals domiciled in Texas; and XCL MARKETING LLC, a limited liability company whose members and managers are individuals domiciled in Texas,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Civil No.<br><br>Judge |

Plaintiff AIX Specialty Insurance Company ("AIX") complains and seeks a declaratory judgment as follows:

DE 11862602.1

## PARTIES, JURISDICTION, THE POLICY, AND APPLICABLE LAW

1.     AIX is a Delaware corporation, with its principal place of business in Massachusetts, and is a non-admitted surplus lines insurance company doing business and writing insurance policies in the State of Utah.

2.     AIX issued insurance Policy No. L1C A894301 09 (effective 4-9-24 to 4-9-25/ $1,000,000 per occurrence/$2,000,000 aggregate) (the "Policy" or the "AIX Policy," hereafter) to non-party Named Insureds Badlands Tank Lines LLC and Badlands Tank Lines Texas LLC (collectively and alternatively referred to as "Badlands," herein), and other non-party Named Insureds.  A true and correct copy of the Policy, with premium information redacted, is attached as **Exhibit 1**.

3.     Defendant Robison Construction, Inc. ("Robison Construction") is a Utah corporation with its principal place of business in the State of Utah.

4.     Defendant Landon Robison is an individual domiciled in the State of Utah and, at all relevant times herein, an employee and agent of Robison Construction, Inc.

5.     Defendant Benjamin Hansen is an individual domiciled in the State of Utah and, at all relevant times herein, an employee and agent of Badlands.

6.     Upon information and belief, Defendant XCL Resources LLC is a limited liability company, all of whose members and managers are individuals domiciled in the State of Texas. XCL Resources LLC has conducted business in the State of Utah relevant to the present dispute and has maintained a registered agent in Utah for purposes of service of process.

7.     Upon information and belief, Defendant XCL Marketing LLC is a limited liability company, all of whose members and managers are individuals domiciled in the State of Texas.

DE 11862602.1

XCL Marketing LLC has conducted business in the State of Utah relevant to the present dispute, and has maintained a registered agent in Utah for purposes of service of process.

8. Upon information and belief, Defendants XCL Resources LLC and XCL Marketing LLC are subsidiaries and/or affiliated companies of non-party XCL Resources Holdings, LLC. All XCL entities are referred to collectively and alternatively, as applicable, as "XCL" herein.

9. There is complete diversity of citizenship among plaintiff and all defendants.

10. The amount in controversy exceeds $75,000 exclusive of interest and costs.

11. Jurisdiction is therefore proper in this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to 28 U.S.C. § 1332.

12. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

13. Utah law applies to this declaratory judgment action.

## BACKGROUND FACTS AND SUMMARY OF RELIEF SOUGHT

14. Paragraphs 1-13 are incorporated herein by reference.

15. Badlands is a Named Insured on the AIX Policy.

16. The following facts regarding an accident involving Mr. Hansen are alleged:

17. On April 27, 2024, Mr. Hansen, a Badlands employee, was operating a Badlands-owned truck that became stuck in mud on an XCL-owned access road while working at the Gilbert Pad in Duchesne County, Utah;

18. Landon Robison, a driver for XCL's contractor Robison Construction, attempted to pull the Badlands truck out of the mud;

19. Landon Robison did not realize that Mr. Hansen was under his own truck attaching chains;

3

20.     The Badlands truck (while being pulled by the Robison truck) ran over Mr. Hansen causing injuries to his head and right arm (the "Hansen Accident," hereafter).

21.     On or around July 22, 2024, Robison Construction, through its insurer, tendered defense and indemnity of the Hansen Accident to XCL, pursuant to a Master Services Agreement entered into between XCL and Robison Construction. A true and correct copy of this tender letter (the "Robison Tender," hereafter) is attached as **Exhibit 2.**

22.     XCL accepted the Robison Tender.

23.     On or around July 2, 2024, XCL tendered defense and indemnity of the Hansen Accident to Badlands and its commercial general liability insurer AIX, pursuant to a Master Services Agreement entered into between XCL and Badlands.  A true and correct copy of this tender letter (the "XCL Tender," hereafter) is attached as **Exhibit 3.**

24.     On or around January 24, 2025, AIX disclaimed coverage for the XCL Tender, citing the Policy's Total Auto Exclusion as a basis for denial, averring that the tender would be more properly directed to Badlands' commercial automobile liability insurer.  A true and correct copy of this disclaimer letter (the "XCL Tender Disclaimer," hereafter) is attached as **Exhibit 4.**

25.     On or around February 18, 2026, Mr. Hansen filed a lawsuit in the Eighth Judicial District of Duchesne County, Utah, styled *Hansen v. Robison, et al.*, Civ. No. 260800007 ("Hansen Complaint") against Robison Construction and Landon Robison, seeking bodily injury damages for the Hansen Accident. A true and correct copy of the Hansen Complaint is attached as **Exhibit 5.**

26.     On or around April 7, 2026, XCL, through its insurer, renewed its tender of defense and indemnity of the Hansen Accident and Hansen Complaint, on behalf of itself,

4

Robison Construction and Landon Robison, to Badlands and its commercial general liability insurer AIX. A true and correct copy of this renewed tender letter (the "Renewed XCL Tender," hereafter) is attached as **Exhibit 6.**

27.    On or about June 8, 2026, AIX again disclaimed coverage for XCL's renewed tender, again citing the Policy's Total Auto Exclusion as a basis for denial, and again averring that the tender would be more properly directed to Badlands' commercial automobile liability insurer.  A true and correct copy of this renewed disclaimer letter (the "Renewed XCL Tender Disclaimer," hereafter) is attached as **Exhibit 7**.

28.    AIX now seeks a declaratory judgment that: 1) it has neither a duty to defend nor indemnify defendants Robison Construction and Landon Robison under the Policy from the claims and causes of action asserted in the Hansen Complaint; and 2) that it has neither a duty to defend, indemnify, or reimburse defendants XCL Resources LLC and XCL Marketing LLC for amounts expended on their behalf in defense and/or in response to both the Hansen Complaint and the Hansen Accident, sought in both the XCL Tender and Renewed XCL Tender issued to Badlands and AIX.

## THE ROBISON TENDER

29.    Paragraphs 1-28 are incorporated herein by reference

30.    Relevant language in the Robison Tender dated July 22, 2024 reads as follows:

Please be advised that National American Insurance Company ("NAICO") insures Robison Construction. In January 2020, Robison Construction entered into a Master Service [sic] Agreement (MSA") with XCL Resources LLC, The MSA provides, in pertinent part:

12. Indemnification

A Contractor Indemnification. TO THE FULLEST EXTENT PERMITTED BY APPLICAPLE [sic] LAS [sic], XCL WILL INDEMNIFY, DEFEND, AND HOLD

DE 11862602.1

HARMLESS CONTRACTOR GROUP FROM AND AGAINST ALL CLAIMS FOR DAMAGE OR LOSS OF OR TO REAL OR PERSONAL PROPERTY OF XCL GROUP AND CLAIMS FOR SICKNESS, BODILY INJURY, OR DEATH OF ANY AND ALL XCL GROUP MEMEBERS [sic], WITHOUT REGARD TO THE CAUSE OF ANY CLAIM, INCLUDING WITHOUT LIMITATION, EVEN THOUGH A CLAIM IS CAUSED IN WHOLE, OR IN PART BY THE NEGLIGENCE (WHETHER SOLE, JOINT, OR CONCURRENT, COMPARATIVE, CONTRIBUTORY, ACTIVE, OR PASSIVE), STRICT LIABILITY, OR OTHER FAULT, OF ANY INDEMNITEE, AND WHETHER OR NOT CAUSED BY A PREEXISTING CONDITION ("REGARDLESS OF FAULT") PROVIDED, THAT "REGARDLESS OF FAULT" WILL NOT INCLKUDE [sic] THE WILLFUL MISCONDUCT OF ANY INDEMNITEE.

42. "XCL Group" means (i) XCL Resources, LLC, its parent company, Affiliates of XCL, subsidiaries, contractors (other than Contractor), Subcontractors, co-owners, co-lessee, joint interest owners and (ii) all of their respective, partners, members, directors, officers, agents, representatives, employees, successors, and assigns, "XCL Group" may mean any one member of XCL Group or XCL Group collectively.

Based on the allegations made, and NAICO's investigation to date, on or about April 27, 2024, there was an incident that happened on the Gilbert Pad site which resulted in an injury to Ben Hansen, a driver of a unit owned by Badlands Tank. As a result of the incident, Mr. Hansen has retained Siegfried & Jensen to represent him for his bodily injury. A copy of the Letter of Representation is attached.

On behalf of its insured, NAICO hereby tenders Robison Construction's defense and indemnification as a contractual indemnitee and additional insured pursuant to the MSA.

NAICO requests that XCL Resources Holdings LLC forward this Letter of Representation to its insurance companies so that Robison Construction can obtain coverage as an additional insured….

31.     Defendants XCL Resources LLC and XCL Marketing LLC are part of the "XCL Group" referenced in the Robison Tender.

32.     The Robison Tender accurately quotes the provisions it cites of the January 20, 2020 Master Services Agreement entered into by Robison Construction and XCL Resources LLC, and includes a true and correct copy of the Master Services Agreement as an exhibit thereto.

6

DE 11862602.1

## THE XCL TENDER

33.    Paragraphs 1-32 are incorporated herein by reference.

34.    Relevant language in the XCL Tender dated July 22, 2024 reads as follows:

My firm has been retained to represent XCL Resources Holdings, LLC, and its subsidiaries (collectively "XCL") in relation to a forthcoming claim stemming from injuries that Badlands Tank Lines Texas LLC ("Badlands") employee, Ben Hansen, purportedly sustained while working at the Gilbert Pad in Duchesne County, Utah, on or about April 27, 2024 (the "Incident").

As you are likely aware, it is our understanding that, on or about April 27, 2024, Mr. Hansen was purportedly injured while attempting to tow his tractor trailer out of the mud at the Gilbert Pad. As a result, on May 22, 2024, XCL received the attached letters from counsel for Mr. Hansen regarding his forthcoming claims pertaining to the Incident. (See Letters, attached hereto as Exhibit 1).

Pursuant to the terms of the Master Services Agreement between Badlands and XCL (the "MSA," attached hereto as Exhibit 2), XCL hereby tenders its demand to Badlands for protection, defense, indemnity, and to be held harmless from and against any and all claims, damages, and losses relating to the forthcoming claim relating to the Incident and the events that made the basis of the same. Additionally, XCL requests that Badlands notify any and all parties that it believes may provide defense or indemnity for XCL including, but not limited to, insurance companies.

Section 12B of the MSA requires Badlands to indemnify, defend, and hold harmless XCL in this circumstance:

> B. **XCL Indemnification**. TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, CONTRACTOR WILL INDEMNIFY, DEFEND AND HOLD HARMLESS XCL GROUP FROM AND AGAINST ALL CLAIMS FOR DAMAGE OR LOSS OF OR TO REAL OR PERSONAL PROPERTY OF CONTRACTOR GROUP AND CLAIMS FOR SICKNESS, BODILY INJURY, OR DEATH OF ANY AND ALL CONTRACTOR GROUP MEMBERS, **REGARDLESS OF FAULT**.

(See Ex. 2, ¶ 12B). The forthcoming claim by Badlands' employee, Mr. Hansen, stemming from injuries he purportedly suffered from the Incident is a claim from which Badlands has agreed to indemnify, defend, and hold harmless XCL. Please promptly contact my office to confirm receipt and acceptance of the tender….

7

35.    Defendants XCL Resources LLC and XCL Marketing LLC are part of the "XCL Group" referenced in the XCL Tender.

36.    The XCL Tender accurately quotes the provisions it cites of the August 9, 2021 Master Services Agreement entered into by XCL Marketing LLC and Badlands Tank Lines Texas LLC, and includes a true and correct copy of the Master Services Agreement as an exhibit thereto.

## AIX'S XCL TENDER DISCLAIMER

37.    Paragraphs 1-36 are incorporated herein by reference.

38.    Some relevant language in AIX's XCL Tender Disclaimer dated January 24, 2025, reads as follows:

> [AIX] has concluded its review of this matter and for the reasons set forth below, has concluded that the [AIX] policy will not provide any coverage for the incident that occurred on April 27, 2024. Therefore, [AIX] will take no action to defend and/or indemnify Badlands, XCL Resources Holdings, LLC ("XCL") or Robison Construction, Inc. ("Robison") as it pertains to this matter. ***However, given the nature of the events, we do expect your Auto policy to respond to this loss. Please insure you communicate with that carrier about this claim….***

> **The AIX Specialty Insurance Company, Ltd. Policy**
> AIX issued Badlands a Commercial General Liability policy of insurance numbered L1C-A894301-09 with effective dates of April 9, 2024 to April 9, 2025. The policy is endorsed with CG 00 01 04 13 **Commercial General Liability Coverage Form** which provides an each occurrence limit of $1,000,000 and an aggregate limit of $2,000,000. The policy contains a $10,000 per claim deductible.

> I have reviewed the coverage available to you under CG 00 01 04 13 **Commercial General Liability Coverage Form**. We invite you to review the policy in its entirety. We refer you to the following pertinent language in your policy:

> **Commercial General Liability Coverage Form**
> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
> **a.** We will pay those sums that the insured becomes legally obligated
> to pay as damages because of "bodily injury" or "property

DE 11862602.1

damage" to which this insurance. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

**b.** This insurance applies to "bodily injury" or "property damage" only if
**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
**(2)** The "bodily injury" or "property damage" occurs during the policy period;…

Throughout the Policy the words "you" and "your" refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under the Policy. The **Commercial General Liability Coverage Form** also contains the following relevant definitions:

**SECTION V – DEFINITIONS**
**2.** "Auto" means:
**a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
However, "auto" does not include "mobile equipment".
**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

We draw your attention to endorsement **Total Auto Exclusion** (801-0085 03 22) which reads in pertinent part, as follows:

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
**B.** The following is added to **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE**, **2. Exclusions**:
This insurance does not apply to:

**Auto**
"Bodily injury" or "property damage" arising out of the ownership, maintenance,

DE 11862602.1

operation, use or entrustment to others, "loading or unloading" of any "auto", owned, maintained, or operated by you or by others acting on your behalf. Further, we shall have no duty to defend any insured against any loss, claim, "suit", or other proceedings alleging damages related to "bodily injury" or "property damage" arising out of the ownership, maintenance, operations, use or entrustment to others of any "auto" owned, maintained, operated by you or by others acting on your behalf.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any auto that is owned or operated by or rented or loaned to any insured.

ALL OTHER TERMS, CONDITIONS, AND EXCLUSIONS REMAIN UNCHANGED.

It is alleged that Mr. Hansen was struck by the Badlands vehicle while he was underneath it attaching chains. The Badlands vehicle was being pulled by Robison's grader at the time. Hanover on behalf of AIX disclaims coverage for "bodily injury" that arises out of the ownership, maintenance, operations, use or entrustment to others of any "auto" owned, maintained, or operated by you or others acting on your behalf as the intention behind insurance policies is that there is no overlap in coverage between your Commercial Auto Policy and your Commercial General Liability policy. This is a claim to review with your Commercial Auto Carrier….

**Coverage Position**
As set forth above, the insuring agreement of the **Commercial General Liability Coverage Form** provides liability coverage subject to the terms, exclusions, conditions and definitions in the policy. Hanover on behalf of AIX disclaims coverage as to Badlands, XCL and Robison as it has been determined that the "bodily injury" arose out of the ownership, maintenance, operation, use or entrustment to others of any "auto", owned, maintained, or operated by Badlands or by others acting on Badlands' behalf. Again, this claim is most appropriately directed to your Commercial Auto policy….

## ALLEGATIONS OF THE HANSEN COMPLAINT

39.     Paragraphs 1-38 are incorporated herein by reference.

40.     The Hansen Complaint was filed on or around February 18, 2026.

10

DE 11862602.1

41. On the State of Utah's Xchange Public Case Search system, the Hansen Complaint's case type is classified as "Automobile Tort." A true and correct copy of the Xchange electronic docket for the Hansen Complaint is attached hereto as **Exhibit 8.**

42. The following paragraphs numbered 43-64 summarize the allegations of the Hansen Complaint, without asserting or alleging the truth of same.

43. Benjamin "Benny" Hansen was a resident of Uintah County, Utah.

44. Robison Construction, Inc. ("Robison Construction") was a corporation doing business in Utah.

45. Landon Robison was an employee and/or agent of Robison Construction and was in the course and scope of his employment.

46. The incident giving rise to the Lawsuit occurred in Duchesne County, Utah.

47. This action arises from an incident that occurred on or about April 27, 2024, at or near Gilbert Pad, Roosevelt, Utah.

48. Mr. Hansen was hauling crude oil for Badlands.

49. Landon Robison was driving a grader truck for Defendant Robison Construction.

50. Robison was responsible for maintaining the road.

51. Before Mr. Hansen drove his large truck up the road, he was told by Landon Robison that he was good to head up the road.

52. Due to the poor road condition, Mr. Hansen's truck got stuck.

53. After getting stuck, Mr. Hansen again spoke to Landon Robison.

54. Landon Robison told Mr. Hansen that he could use his grader truck to help him get moving again.

11

DE 11862602.1

55.    While Mr. Hansen's truck was in park with the brakes engaged, Landon Robison helped hook his grader truck up to Mr. Hansen's truck to prepare to tow it.

56.    While Mr. Hansen's truck was in park and with the brakes engaged, Hansen got under the truck to ensure that he had chains installed to assist with getting the truck moving.

57.    While Mr. Hansen was under his truck, Landon Robison began to tow the truck forward. When Landon Robison began pulling Mr. Hansen's truck, Landon Robison had no line of sight to Mr. Hansen.

58.    When Landon Robison began pulling Mr. Hansen's truck, Landon Robison did not know where Mr. Hansen was.

59.    When Landon Robison began pulling Mr. Hansen's truck, nobody was in the cab of Mr. Hansen's truck.

60.    When Landon Robison began pulling Mr. Hansen's truck, he had no radio or phone or other audio communication with Mr. Hansen.

61.    When Landon Robison began pulling Mr. Hansen's truck, he had wholly failed to confirm that Mr. Hansen was ready to begin the tow.

62.    As a result of Landon Robison prematurely and recklessly beginning the tow, Mr. Hansen was dragged and crushed under his truck.

63.    Landon Robison violated numerous DOT and OSHA standards. As a direct and proximate result of being struck by Defendant's vehicle, Mr. Hansen suffered injuries.

64.    Mr. Hansen brings claims against Robison Construction for Negligence, and against both Defendants for Vicarious Liability-based Negligence and Punitive Damages.

DE 11862602.1

## THE RENEWED XCL TENDER

65.      Paragraphs 1-64 are incorporated herein by reference.

66.      The Renewed XCL Tender dated April 7, 2026, reads in relevant part:

This letter will serve to re-tender the referenced claim to Badlands Tank Lines Texas LLC ("Badlands") and its liability insurance carriers, including AIG Claims Inc and The Hanover Insurance Group ("Badlands' Insurance"). On or about April 27, 2024, Plaintiff was working for Badlands reportedly driving a Badlands' truck down an access road that leads to the Gilbert well pad, which is owned/operated by our insured XCL Resources LLC and/or XCL Marketing LLC ("XCL"). The Badlands truck reportedly got struck on the road and Landon Robison ("Landon"), who was operating a grader truck on the road for Robison Construction ("Robison"), offered to tow the Badlands' truck. While Plaintiff was underneath the Badlands truck to reportedly check on chains, Landon began towing the truck forward with Robison's grader truck, causing Plaintiff's injuries.

Under the Master Services Agreement between XCL and Badlands effective August 9, 2021 (the "MSA"), Badlands was contracted by XCL to perform services. Badlands owes the "XCL Group" (defined to include XCL, affiliates, etc and XCL's contractors [such as Robison]) defense and indemnity in certain circumstances, and the MSA requires Badlands to name the "XCL Group" as an additional insured on Badlands' liability insurance policies on a primary and non-contributory basis. Below is the MSA's pertinent language regarding the obligations of Robison, as the "Contractor," to the "XCL Group":

*12. INDEMNIFICATION*

*B. XCL Indemnification. TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, CONTRACTOR WILL INDEMNIFY, DEFEND AND HOLD HARMLESS XCL GROUP FROM AND AGAINST ALL CLAIMS FOR DAMAGE OR LOSS OF OR TO REAL OR PERSONAL PROPERTY OF CONTRACTOR GROUP AND CLAIMS FOR SICKNESS, BODILY INJURY, OR DEATH OF ANY AND ALL CONTRACTOR GROUP MEMBERS, REGARDLESS OF FAULT.*

\*\*\*

*EXHIBIT A - MASTER SERVICES AGREEMENT*
*DEFINED TERMS*

*9. "Contractor Group" means (i) Contractor, its parent company, Affiliates of Contractor, subsidiaries, and Subcontractors and (ii) all of their respective, partners, members, directors, officers, agents, representatives, employees, successors, and assigns. "Contractor Group" may mean any one member of Contractor Group or Contractor Group collectively.*

*42. "XCL Group" means (i) XCL Resources, LLC, its parent company, Affiliates of XCL,*

13

DE 11862602.1

*subsidiaries, contractors (other than any member of Contractor Group), co-lessee, joint interest owners and (ii) all of their respective, partners, members, directors, officers, agents, representatives, employees, successors, and assigns. "XCL Group" may mean any one member of XCL Group or XCL Group collectively.*

*\*\*\**

*EXHIBIT E - MASTER SERVICES AGREEMENT*
*INSURANCE REQUIREMENTS…*

*1 . All insurance policies procured and maintained by Contractor must be written with*

*B. Commercial General Liability Insurance (Occurrence Form). With a minimum limit of liability of $1,000,000 per occurrence and $2,000,000 aggregate, including but not limited to the following coverage:*

> *ix. Additional insured status will be provided in favor of XCL Group;*
> *x. This insurance will be endorsed to provide primary and noncontributing liability coverage…*

Based on the above-captioned language from the MSA, Badlands owes defense and indemnity to the "XCL Group" (includes XCL and XCL's contractor Robison) and is required to provide $6,000,000 in coverage to the "XCL Group" as an additional insured on Badlands' liability insurance policies on a primary and non-contributory basis. We request written acknowledgement of receipt of this letter and acceptance of this tender within 14 days of the date of this letter. We also request that Badlands' insurance provide a copy of their respective insurance policies and their position in writing as to how much in insurance limits each are providing to support Badlands' obligations under the MSA….

67.     Defendants XCL Resources LLC and XCL Marketing LLC are part of the "XCL Group" referenced in the Renewed XCL Tender.

**AIX'S RENEWED XCL TENDER DISCLAIMER**

68.     Paragraphs 1-67 are incorporated herein by reference.

69.     Some relevant language in AIX's Renewed XCL Tender Disclaimer dated June 8, 2026 [Ex. 7], reads as follows:

We write on behalf of AIX Specialty Insurance Company. ("AIX") regarding the above referenced loss.  AIX has assigned this incident to Hanover Insurance Group ("Hanover") for handling.  This letter shall serve to supplement letters previously sent to Badlands Tank Lines, LLC ("Badlands") on November 1, 2024 and January 24, 2025.  The undersigned will be handling this matter, and all future correspondence should be sent to

14

DE 11862602.1

my attention.  Additionally, if you are not the appropriate point of contact for this claim, please share this communication with them and notify the undersigned immediately.

Hanover has concluded its review of this matter and for the reasons set forth below, has concluded that the [AIX] policy will not provide any coverage for the incident that occurred on April 27, 2024.  Therefore, [AIX] will take no action to defend and/or indemnify Badlands, XCL Resources Holdings, LLC ("XCL") or Robison Construction, Inc. ("Robison Construction") as it pertains to this matter.  ***However, given the nature of the events, we do expect your Auto policy to respond to this loss.  Please ensure you communicate with that carrier about this claim…***.

The Robison Defendants have tendered their defense and indemnification to XCL and XCL is demanding that Badlands provide Robison (and presumably XCL if named in the future) with defense, indemnification and additional insured status on a primary and non-contributory basis based on contractual language in the Master Services Agreement between XCL and Badlands.  Mr. Hansen has not made a direct claim against Badlands….

I have reviewed the coverage available to you under CG 00 01 04 13 **Commercial General Liability Coverage Form**.  We invite you to review the policy in its entirety.  Throughout the Policy the words "you" and "your" refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under the Policy.  The **Commercial General Liability Coverage Form** also contains the following relevant definitions:

### SECTION V – DEFINITIONS

**2.** "Auto" means:
  **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
  **b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
  However, "auto" does not include "mobile equipment".

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

We refer you next to the **Coverage A…Insuring Agreements** in your policy:

**<u>Commercial General Liability Coverage Form</u>**
**SECTION I – COVERAGES**

DE 11862602.1

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1.     Insuring Agreement**
    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

    **b.**    This insurance applies to "bodily injury" or "property damage" only if
        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        **(2)**    The "bodily injury" or "property damage" occurs during the policy period;…

We draw your attention to endorsement **Total Auto Exclusion** (801-0085 03 22) which reads in pertinent part, as follows:

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

**B.** The following is added to **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE**, **2. Exclusions**:
This insurance does not apply to:
**Auto**
"Bodily injury" or "property damage" arising out of the ownership, maintenance, operation, use or entrustment to others, "loading or unloading" of any "auto", owned, maintained, or operated by you or by others acting on your behalf.

Further, we shall have no duty to defend any insured against any loss, claim, "suit", or other proceedings alleging damages related to "bodily injury" or "property damage" arising out of the ownership, maintenance, operations, use or entrustment to others of any "auto" owned, maintained, operated by you or by others acting on your behalf.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or

16

DE 11862602.1

"property damage" involved the ownership, maintenance, use or entrustment to others of any auto that is owned or operated by or rented or loaned to any insured.

ALL OTHER TERMS, CONDITIONS, AND EXCLUSIONS REMAIN UNCHANGED.

It is alleged that Mr. Hansen was struck by the Badlands vehicle while he was underneath it attaching chains. The Badlands vehicle was being pulled by Mr. Robison operating Robison Construction's grader at the time. Hanover on behalf of AIX disclaims coverage for "bodily injury" that arises out of the ownership, maintenance, operations, use or entrustment to others of any "auto" owned, maintained, or operated by you or others acting on your behalf. The intention behind insurance policies is that there is no overlap in coverage between your Commercial Auto Policy and your Commercial General Liability policy. This is a claim to review with your Commercial Auto Carrier….

**Coverage Position**
As set forth above, the insuring agreement of the Commercial General Liability Coverage Form provides liability coverage subject to the terms, exclusions, conditions and definitions in the policy. Hanover on behalf of AIX disclaims coverage as to Badlands, XCL and Robison as it has been determined that the "bodily injury" arose out of the ownership, maintenance, operation, use or entrustment to others of any "auto", owned, maintained, or operated by Badlands or by others acting on Badlands' behalf. Again, this claim is most appropriately directed to your Commercial Auto policy….

## CAUSE OF ACTION – DECLARATORY JUDGMENT

70. AIX incorporates the allegations included in paragraphs 1 through 69 by this reference.

71. Actual and justiciable controversies have arisen between the parties regarding their respective rights and obligations under the Policy, as to whether it bestows a duty upon AIX to: 1) defend or indemnify Defendants Robison Construction and Landon Robison from the claims and causes of action asserted in the Hansen Complaint; and/or 2) defend, indemnify, or reimburse defendants XCL Resources LLC and XCL Marketing LLC for amounts expended on their behalf in defense and/or in response to both the Hansen Complaint and the Hansen Accident, sought in both the XCL Tender and Renewed XCL Tender issued to Badlands and AIX.

72. There is no adequate remedy by which these controversies may be resolved other than the relief requested herein.

DE 11862602.1

73. The Policy's insuring agreement, terms, and exclusions (including, but not necessarily limited to, the Policy's Total Auto Exclusion) operate to relieve AIX of any duty to 1) defend or indemnify defendants Robison Construction and Landon Robison from the claims and causes of action asserted in the Hansen Complaint; and 2) defend, indemnify, or reimburse defendants XCL Resources LLC and XCL Marketing LLC for amounts expended on their behalf in defense and/or in response to both the Hansen Complaint and the Hansen Accident, sought in both the XCL Tender and Renewed XCL Tender issued to Badlands and AIX.

74. AIX therefore respectfully requests that this Court adjudicate and declare the rights and obligations of the parties under the policies pursuant to Rule 57, Federal Rules of Civil Procedure, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.[1]

75. AIX further respectfully requests that the Court enter a declaratory judgment stating: 1) AIX has no duty to defend or indemnify defendants Robison Construction and Landon Robison under the Policy from the claims and causes of action asserted in the Hansen Complaint; and 2) AIX has no duty to defend, indemnify, or reimburse defendants XCL Resources LLC and XCL Marketing LLC under the Policy for amounts expended on their behalf in defense and/or in response to both the Hansen Complaint and the Hansen Accident, sought in both the XCL Tender and Renewed XCL Tender issued to Badlands and AIX.

## PRAYER FOR RELIEF

WHEREFORE, AIX prays that:

---

[1] Should any of the defendants execute an agreement to be bound by the Court's findings on coverage and defense in this declaratory judgment action, Plaintiff will voluntarily dismiss such defendant(s) from this action.

DE 11862602.1

1. The Court declare the rights and obligations of each of the parties with regard to the dispute;

2. The Court enter a declaratory judgment in favor of Plaintiff that AIX has no duty, continuing or otherwise, under the Policy to defend or indemnify defendants Robison Construction and Landon Robison from the claims and causes of action asserted in the Hansen Complaint;

3. The Court enter a declaratory judgment in favor of Plaintiff that AIX has no duty, continuing or otherwise, under the Policy to defend, indemnify, or reimburse defendants XCL Resources LLC and XCL Marketing LLC under the Policy for amounts expended on their behalf in defense and/or in response to both the Hansen Complaint and the Hansen Accident, sought in both the XCL Tender and Renewed XCL Tender issued to Badlands and AIX;

4. For costs of suit; and,

5. Any other relief that the Court deems just and equitable.

DATED this 20th day of July, 2026.

**SPENCER FANE LLP**

/s/ Richard A. Vazquez
Richard A. Vazquez
*Attorneys for Plaintiff AIX Specialty Insurance Company*

Plaintiff's Address:

440 Lincoln Street
Worcester, MA 01653

19

DE 11862602.1